UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| In re:<br><br>Marie Maud Crichlow<br><br>Debtor | BANKRUPTCY APPEAL<br><br>Civil Action No. 05-10653-MLW |
|---|---|

## MEMORANDUM IN SUPPORT OF MOTION TO CERTIFY QUESTION

Introduction

    This is an appeal in a bankruptcy case, of which this court has jurisdiction pursuant to 28 USC §158. In her Notice of Appeal, the appellant stated the issue on appeal as follows:

> Whether the bankruptcy court correctly predicted that the Supreme Judicial Court of the Commonwealth of Massachusetts would hold that execution of a Memorandum of Sale at or subsequent to a mortgage foreclosure auction constituted a completed sale such that the debtor cannot cure the mortgage default pursuant to 11 USC §1322(c).

Procedural and factual background

    Crichlow filed a petition under Chapter 13 of the Bankruptcy Code (Title 11 of the United States Code) on October 27, 2004. Six days earlier, on October 21, the holder of a mortgage on Crichlow's residence had held a foreclosure auction[1], at which Sandra DaSilva, the appellee herein, was the high bidder. Although a Memorandum of Sale is usually signed immediately upon completion of the auction, the memorandum in this case was not signed until the same day that Crichlow filed her petition.

    On November 15 - approximately three weeks post-petition - a Foreclosure Deed was recorded at the Suffolk Registry of Deeds, warranting an inference (which appears to be undisputed) that DaSilva paid the consideration and received the deed on or about that date. That this action occurred <u>after</u> the bankruptcy petition was filed is a critical fact.

    Thereafter, DaSilva filed a motion for relief from the automatic stay, claiming in essence that because the foreclosure auction was completed and the Memorandum of Sale was signed before the bankruptcy petition was filed, Crichlow was no longer the owner of the property and DaSilva should have the right to go to state court to evict Crichlow. Crichlow objected to the motion because, in her view, 11 USC §1322(c)(1) gives her the right to cure mortgage defaults

---

[1] The bankruptcy court stated that the auction was "properly conducted", a statement that is based on the fact that no evidence to the contrary was presented. Whether the auction was properly conducted was not an issue presented since the foreclosing mortgagee was not a party to the motion and in fact has not appeared in the case. Thus the bankruptcy court's statement that it was "properly conducted" is mere dicta.

2

on her primary residence until such time as the property is <u>sold</u> at a foreclosure sale. After a brief hearing, the bankruptcy court took the matter under advisement. On February 26, 2005[2], the court issued a memorandum of decision and order granting DaSilva's motion. A copy of the decision is attached. A timely Notice of Appeal was filed.

<u>Certification to the Supreme Judicial Court</u>

Pursuant to Rule 1:03 of the Massachusetts Supreme Judicial Court ("SJC"), a copy of which is attached, the SJC may answer questions of law certified to it by other courts, including this court

> if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court.

As the bankruptcy court acknowledged, there is no controlling precedent in the decisions of the SJC, *Memorandum at pg.14* ("... I conclude that were the Supreme Judicial Court confronted with the issue of when is a property, or rather the equity of redemption, sold at a foreclosure sale, it would conclude that the sale occurs when the memorandum of sale is signed.")

Certification of question by the federal district court is not uncommon. *See* <u>Dwyer v. Cempellin</u>, 189 B.R. 230 (D.Mass. 1995) (certifying question regarding homestead exemption); <u>US Steel v. M. DeMatteo Cont. Co</u>, 315 F.3d 43 (1st Cir. 2002). In <u>US Steel</u>, the First Circuit noted US Supreme Court precedent holding that certification is particularly appropriate where the question at issue is novel, and the law unsettled. Given that the bankruptcy court could only predict how the state Supreme Judicial Court would answer the question if confronted with it, Crichlow respectfully suggests that the question is novel and the law is unsettled. Thus it seems particularly appropriate to certify the question to the Supreme Judicial Court.

Certification would be in the interests of judicial economy, also. This is because the issue on this appeal requires examination of two subsidiary issues: 1) whether under Massachusetts law, a property (not merely the equity of redemption) is sold when the Memorandum of Sale is executed; and 2) if the answer is yes, whether 11 USC §1322(c)(1) preempts Massachusetts law and affords a debtor the right to cure mortgage defaults until the property is <u>actually</u> sold (that is, consideration paid and a deed delivered). If the SJC answers the first question in the negative (that is, it affirms cases such as <u>Beal v. Attleborough Sav. Bank</u>, 248 Mass. 341 (1924). which hold that the execution of the Memorandum of Sale creates only a

---

[2] Although the memorandum is dated 2/16/04, this is a scrivener's error by the Court.

contract for sale and is not a conveyance in and of itself), this Court need not reach the second issue, but could reverse and remand based on the SJC opinion.

Conclusion

For the foregoing reasons, Crichlow believes that certification of the question to the Supreme Judicial Court will materially advance the expeditious resolution of this appeal, and requests that her motion be allowed.

                              Marie Maud Crichlow
                              By her attorney,

                              /s/    David G. Baker
                              David G. Baker, Esq.
                              105 Union Wharf
                              Boston, MA  02109
                              (617) 367-4260
                              BBO # 634889

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served the within Motion for Certification of Question upon the appellee by mailing a true copy of the same via first class mail, postage pre-paid, to the addresses indicated.

                              /s/  David G. Baker
                              David G. Baker, Esq.

Sandra DaSilva
C/o Leslie Sammon, Esq.
295 Devonshire Street
Boston, MA  02110

4