UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

                                                              BANKRUPTCY APPEAL
                                                              Civil Action No. 05-10653-MLW

| | |
|---|---|
| In re: | ) |
| | ) |
| MARIE MAUD CRICHLOW, | ) |
|         Debtor | ) |
| | ) |
| | ) |

APPELLEE'S OPPOSITION TO APPELLENTS MOTION TO CONTINUE BRIEFING
SCHEDULE GENERALLY OR VACATE

      The Appellee, Sandra DaSilva, by her attorney, objects to the Appellent's Motion to Continue Brief Schedule Generally or Vacate for the reasons stated herein and for the reasons stated in Appellee's Objection to Appellent's Motion for Certification of Question to Supreme Judicial Court of Massachusetts (filed on April 18, 2005 by hand).

BRIEF SUMMARY OF FACTS

      1.    The Appellee, Sandra DaSilva (hereinafter "DaSilva") purchased a property known as 59 Amor Road, Milton, MA at a foreclosure auction held on October 21, 2004. The Appellent/Debtor, Marie Maud Crichlow (hereinafter "the Debtor") was the former owner of the subject property and still resides in the property as of this date. DaSilva has paid the property insurance, taxes, water and sewer charges and all charges associated with her financing of the property since October 2004, but is unable to occupy, convey, encumber or in any manner enjoy the property.

      2.    The Debtor is appealing the allowance of DaSilva's motion for relief from stay in order to evict the Debtor from the premises. The Debtor contends that the Bankruptcy Court

erred in determining that 11 U.S.C. §1322 (c)(1) did not permit the Debtor to cure any existing mortgage default where the Debtor filed her Chapter 13 petition after a foreclosure sale had been conducted in accordance with Massachusetts State Law and a memorandum of sale had been signed by the mortgagee and DaSilva.  The Debtor contends that 11 U.S.C. §1322(c) allows her to cure up until such time as a foreclosure deed is recorded at the applicable registry of deeds.

       3.       The Debtor has requested that this Court certify a question to the Supreme Judicial Court of Massachusetts pursuant to Supreme Judicial Court Rule 1:03 as to when a property is sold in Massachusetts.  DaSilva objects to this request on two grounds: a) by the Debtor's own admission certification of the question will be dispositive of the issue and therefore may result in a two step process causing burdensome cost and time to the Appellee; and b) the law in Massachusetts concerning when a mortgagor's property rights are terminated is well settled by statute and interpretive case law.  In re Grassie, 293 B.R. 829, 831 (Bankr.D.Mass. 2003), In Re Dow, 250 B.R. 6, 8 (Bankr.D.Mass. 2000), Williams v. Resolution GGF, OY, 417 Mass. 377, 630 N.E. 2d 581 (1994), Outpost Café, Inc. v. Fairhaven Savings Bank, 3 Mass. App. Ct. 1, 322 N.E. 2d 183 (1975); G.L. c. 244 §§ 14, 18.

## ARGUMENT

I.    THE BRIEFING SCHEDULE IN THIS APPEAL SHOULD NOT BE VACATED OR SUSPENDED FOR CERTIFICATION OF A QUESTION TO THE MASSACHUSETTS SUPREME JUDICIAL COURT AT THIS TIME

DaSilva disputes Crichlow's contention that certification of a question of State law to the Supreme Judicial Court is in the interests of judicial economy.  Crichlow admits if the Supreme Judicial Court resolves the question favorably to DaSilva, then a Federal question is still pending.  Namely, Crichlow argues that the United States District Court could still determine that Federal law preempts State law and affords Crichlow more expansive rights to cure her

mortgage default under 11 U.S.C. §1322 (c)(1).  Certification at this time would merely result in further delay and expense to DaSilva.

DaSilva has been deprived of all property rights since October 2004, namely the ability to occupy, convey, encumber or otherwise receive benefits of 59 Amor Road, Milton, Massachusetts.  Crichlow has continued to reside upon the premises without the responsibilities or burdens of ownership or even the basic requirement to pay use and occupancy.  Certification, prior to submission of briefs in this case, would not result in judicial economy given that Crichlow does not view certification as determinative of the issue.  The only beneficiary of delay in this case is Crichlow.

    II.    THE LAW OF MASSACHUSETTS IS SETTLED AS TO WHEN THE PROPERTY RIGHTS OF A MORTGAGOR ARE SOLD AT A FORECLOSURE AUCTION

The law in Massachusetts concerning when a mortgagor's property rights are terminated is well settled by statute and interpretive case law.  In re Grassie, 293 B.R. 829, 831 (Bankr.D.Mass. 2003), In Re Dow, 250 B.R. 6, 8 (Bankr.D.Mass. 2000), Williams v. Resolution GGF, OY, 417 Mass. 377, 630 N.E. 2d 581 (1994), Outpost Café, Inc. v. Fairhaven Savings Bank, 3 Mass. App. Ct. 1, 322 N.E. 2d 183 (1975); G.L. c. 244 §§ 14, 18.  If this Court determines that it is necessary to evaluate when a property is sold under Massachusetts law, then they will have sufficient State law authority to make that determination.  McCarn v. WyHy Federal Credit Union (In Re McCarn), 218 B.R. 154,161 (10th Cir. B.A.P. 1998) (noting that although State Court had not directly addressed issue of when property was "sold" at a foreclosure sale, the parties' substantive rights had been fixed, under State law, as of the date of the foreclosure sale).  Further, if the Court determines that it is necessary to certify a question the

3

Massachusetts Supreme Judicial Court then the Court should do so only after they have determined that such certification will be binding and determinative of the issue.

WHEREFORE, the Appellee prays that:

(i) The Court deny the Appellent's Motion to Continue Briefing Schedule and to set a date that Appellent's Brief is due;

(ii) The Appellent's Motion for Certification of Question to the Massachusetts Supreme Judicial Court be denied and that this Court determine this issue on existing State law; and

(iii) If this Court determines that a question of State law needs to be certified to the Massachusetts Supreme Judicial Court that this Court determine that the issues have been narrowed and that certification will result in disposition of the Appeal.

> Respectfully submitted,
> THE APPELLEE
> SANDRA DASILVA,
> By her attorney,

April 22, 2005

Leslie C. Sammon
ADAMS & SAMMON
BBO# 633923
295 Devonshire Street
Boston, MA  02110
(617) 451-7241

**CERTIFICATE OF SERVICE**

I, Leslie C. Sammon, Esquire, do hereby certify that I have served a copy of the foregoing of memorandum of law this 22nd day of April 2005 by first class mail, postage prepaid, upon the parties listed below and that the party below was served by the CM/ECF system
.

Leslie C. Sammon

David G. Baker
Attorney for the Debtor
Baker Law Offices
105 Union Wharf
Boston, MA 02109-1281