UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BANKRUPTCY APPEAL
Civil Action No. 05-10653-MLW

In re:                                          )
                                                )
MARIE MAUD CRICHLOW,                            )
     Debtor                                     )
                                                )
                                                )
                                                )

APPELLEE'S OBJECTION TO APPELLENTS MOTION FOR CERTIFICATION OF
QUESTION TO SUPREME JUDICIAL COURT OF MASSACHUSETTS

The Appellee, Sandra DaSilva, by her attorney, objects to the Appellent's motion for certification of a question of state law to the Massachusetts Supreme Judicial Court pursuant to Supreme Judicial Court Rule 1:03 for the reasons stated herein.

I.    CERTIFICATION, AT THIS TIME, WOULD RESULT IN UNECESSARY DELAY AND EXPENSE TO THE APPELLEE

The facts in this case are undisputed. The Appellee, Sandra DaSilva (hereinafter "DaSilva") was the prevailing bidder at a foreclosure auction held on October 21, 2004 for the premises known as 59 Amor Road, Dorchester, MA. The Appellent, Marie Maud Crichlow (hereinafter "Crichlow") is the mortgagor that was foreclosed upon. Crichlow continues to reside in the premises. On October 21, 2005, DaSilva signed and the auctioneer signed a memorandum of sale and DaSilva paid the requisite deposit to the auctioneer. See a true copy of the Terms and Conditions of Sale Memorandum of Sale attached hereto as Exhibit A. On October 27, 2004, the mortgagee signed a Massachusetts Foreclosure Deed in favor of DaSilva. See a true copy of the Foreclosure Deed attached hereto as Exhibit B. Late on the afternoon of October 27, 2004, Crichlow filed for relief under Chapter 13 of the United States Bankruptcy

1

Code. On November 15, 2004 the deed was recorded at the Norfolk County Registry of Deeds. On November 17, 2004, the Debtor filed a Chapter 13 Plan providing for payment of the default under her mortgage for 59 Amor Road. DaSilva sought relief from the automatic stay seeking to evict Crichlow from the premises and Crichlow objected claiming that she had right to cure the mortgage default pursuant to 11 U.S.C. §1322 (c)(1). On February 16, 2005, Judge Hillman of the Bankruptcy Court allowed DaSilva's motion for relief to evict Crichlow.

DaSilva disputes Crichlow's contention that certification of a question of State law to the Supreme Judicial Court is in the interests of judicial economy. Crichlow admits if the Supreme Judicial Court resolves the question favorably to DaSilva, then a Federal question is still pending. Namely, Crichlow argues that the United States District Court could still determine that Federal law preempts State law and affords Crichlow more expansive rights to cure her mortgage default under 11 U.S.C. §1322 (c)(1). Certification at this time would merely result in further delay and expense to DaSilva.

DaSilva has been deprived of all property rights since October 2004, namely the ability to occupy, convey, encumber or otherwise receive benefits of 59 Amor Road, Milton, Massachusetts. Crichlow has continued to reside upon the premises without the responsibilities or burdens of ownership or even the basic requirement to pay use and occupancy. Certification, prior to submission of briefs in this case, would not result in judicial economy given that Crichlow does not view certification as determinative of the issue. The only beneficiary of delay in this case is Crichlow. The parties have a briefing schedule wherein all submissions will be filed by mid-May 2005. The schedule should not be disrupted resulting in further delay and expense to the Appellee.

II.  THE LAW OF MASSACHUSETTS IS SETTLED AS TO WHEN THE PROPERTY RIGHTS OF A MORTGAGOR ARE SOLD AT A FORECLOSURE AUCTION

The law in Massachusetts concerning when a mortgagor's property rights are terminated is well settled by statute and interpretive case law. In re Grassie, 293 B.R. 829, 831 (Bankr.D.Mass. 2003), In Re Dow, 250 B.R. 6, 8 (Bankr.D.Mass. 2000), Williams v. Resolution GGF, OY, 417 Mass. 377, 630 N.E. 2d 581 (1994), Outpost Café, Inc. v. Fairhaven Savings Bank, 3 Mass. App. Ct. 1, 322 N.E. 2d 183 (1975); G.L. c. 244 §§ 14, 18. If this Court determines that it is necessary to evaluate when a property is sold under Massachusetts law, then they will have sufficient State law authority to make that determination. McCarn v. WyHy Federal Credit Union (In Re McCarn), 218 B.R. 154,161 (10th Cir. B.A.P. 1998) (noting that although State Court had not directly addressed issue of when property was "sold" at a foreclosure sale, the parties' substantive rights had been fixed, under State law, as of the date of the foreclosure sale). Further, if the Court determines that it is necessary to certify a question the Massachusetts Supreme Judicial Court then the Court should do so only after they have determined that such certification will be binding and determinative of the issue.
WHEREFORE, the Appellee prays that:

(i)  The Appellent's Motion for Certification of Question to the Massachusetts Supreme Judicial Court be denied and that this Court determine this issue on existing State law; and

(ii) If this Court determines that a question of State law needs to be certified to the Massachusetts Supreme Judicial Court that this Court determine that the issues have been narrowed and that certification will result in disposition of the Appeal.

                                      Respectfully submitted,
                                      THE APPELLEE
                                      SANDRA DASILVA,
                                      By her attorney,

April 18, 2005

                                      Leslie C. Sammon
                                      ADAMS & SAMMON
                                      BBO# 633923
                                      295 Devonshire Street
                                      Boston, MA  02110
                                      (617) 451-7241

## CERTIFICATE OF SERVICE

I, Leslie C. Sammon, Esquire, do hereby certify that I have served a copy of the foregoing of memorandum of law this 18th day of April 2005 by first class mail, postage prepaid, upon the parties listed below.

                                      Leslie C. Sammon

David G. Baker
Attorney for the Debtor
Baker Law Offices
105 Union Wharf
Boston, MA 02109-1281

4

# EXHIBIT A

## TERMS AND CONDITIONS OF CLOSING

1. The balance of the purchase price plus any outstanding condominium priority liens, if applicable, and/or any amounts due pursuant to the attached Condominium Agreement, if applicable, shall paid at **ABLITT & CARUOLO, P.C., 333 North Avenue, 4th Floor, Wakefield, MA 01880** by certified or ba check on or before 12:00 p.m. on the FIFTEENTH day following the auction, provided that such day is one which the Registry of Deeds is open for business, and if not, then on the next day on which said Registry is open for business. **Time is of the essence of this agreement.** (initials)

2. **Mortgage Contingency:** Notwithstanding paragraph 1 of this section, the Buyer/s who el to finance the purchase of the subject property shall make payment at **ABLITT & CARUOLO, P.C., 333 N Avenue, 4th Floor, Wakefield, MA 01880** by certified or bank check on or before 12:00 p.m. on the thir day following the auction, provided that such day is one on which the Registry of Deeds is open for busin and if not, then on the next day on which said Registry is open for business. **Time is of the essence of agreement.** (initials). The Buyer/s agree to the following conditions:

   (a) The Buyer must apply for such mortgage within seven (7) days after the Date of this Agreemen the Buyer fails to make formal application by said date, the Buyer shall be in default of Agreement, shall forfeit all Deposits, and this Agreement shall be deemed null and void.
   (b) The Buyer shall elect forthwith a designated mortgage broker from the approved Mortgage Br List. If the Buyer fails to make a formal election at the time of the sale, the sale shall no deemed completed.
   (c) The Buyer or Buyer's mortgage broker shall notify Ablitt & Caruolo, PC of the identity of e Lender to whom the Buyer has made such application within ten (10) days after the Date of Agreement. The Buyer hereby authorizes Ablitt & Caruolo, PC to contact any such Lende and/or the elected mortgage broker to confirm the status of the Buyer's application, and to ob any and all essential financial information regarding the loan process.
   (d) Within four (4) days of a receipt of a written commitment or denial for such mortgage, the Bi agrees to provide a copy of such commitment or denial to Ablitt & Caruolo, PC.
   (e) If the Buyer applies for a mortgage within the terms and amount set forth above and receive written denial for such mortgage, then, upon providing a copy of the denial to the seller or Lis agent by the Contingency Date or extensions thereof, this Agreement shall be declared null void and all Deposits made hereunder shall be refunded.
   (f) In the event the Buyer has not provided a copy of the written commitment or denial for s mortgage and has not given written notice as specified in Paragraph (d) to Ablitt & Caruolo, P( the Contingency Date or extensions thereof, then the Buyer shall be in default of this Agreem shall forfeit all Deposits, and this Agreement shall be deemed null and void.
   (g) In the event the Buyer fails to make a reasonable, good faith effort to obtain a mortg commitment as provided herein, the Buyer shall be in default of this Agreement, shall forfei Deposits, and this Agreement shall be deemed null and void.
   (h) Nothing herein shall be deemed to limit the right of the Buyer to obtain a mortgage in greate lesser amount than set forth above, however, the contingency set forth in this Paragraph s apply Only if the Buyer applies for a mortgage not greater than the balance of the purchase pric

I, the Buyer at this Public Auction Sale, do hereby acknowledge that I have read the foregoing Memorandum of Terms and Conditions of Sale and agree to the terms and conditions as set forth herein. I further acknowledge that I have received a copy of said Memorandum.

At the sale held under the above notice terms, the premises have been sold to the undersigned buyer for _Four hundred + eighty-nine thousand_ Dollars ($ 489,c ) of which buyer has made the deposit in the amount of FIVE THOUSAND DOLLARS AND 00/100 ($5,000.00), and hereby agrees to pay the balance of the consideration, as above provided.

Executed under seal this 21st day of October, 2004.

BY: _[signature]_            BY: _[signature]_
Buyer or Nominee            Auctioneer  Marc Cellucco

# EXHIBIT B

| | LAND COURT USE ONLY | Oct. 13, 2004 LET JUDGMENT ISSUE:<br>Karyn F. Scheier, Chief Justice |
|---|---|---|

COMMONWEALTH OF MASSACHUSETTS
LAND COURT
DEPARTMENT OF THE TRIAL COURT

Suffolk _____ ss.      Case No. 301312

## COMPLAINT TO FORECLOSE MORTGAGE

PLAINTIFF:
Name                        City or Town
Argent Mortgage Company, LLC    Orange, CA

DEFENDANTS:
Name                        City or Town        Interest
                            of Residence
Marie Crichlow              Milton, MA          Owner

1. Your Plaintiff is the owner/assignee and holder of a mortgage with the statutory power of sale given by Marie Crichlow
to Argent Mortgage Company, LLC dated January 6, 2004
recorded at the Norfolk County Registry of Deeds recorded in Book 20428, Page 265
covering* 59 Amor Road, Milton, Massachusetts
                                                           (street and number)
                                                           (and city and town)

and more particularly described in said mortgage.

LAND COURT USE ONLY

### JUDGMENT

Under the provisions of the Soldier's and Sailor's Relief Act of 1940, as amended, this cause came on to be heard and thereupon, upon consideration thereof, it appearing to the court that the record owner is not entitled to the benefits of said Act, it is
     **ORDERED** and **ADJUDGED** that the plaintiff be authorized and empowered to make an entry and to sell the property covered by the mortgage as set forth in this complaint in accordance with the powers contained in said mortgage.

By the Court.     A TRUE COPY
Attest:           ATTEST:
                  Deborah J. Patterson          Deborah J. Patterson
                                                Recorder
                  RECORDER
(SEAL)

NOTE: Wherever the singular is used herein, it shall be deemed to mean and include the plural where applicable.
    * A metes and bounds description of the property is not necessary.

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P. O'Donnell
WILLIAM P. O'DONNELL, REGISTER

Return to:  ADAMS & SAMMON
            Counsellors at Law
            295 Devonshire Street
            Boston, MA 02110

Power of Attorney      *By Ameriquest Mortgage Company as it's Servicing Agent.

Be it known that I, __ROSE C. LARA__, Assistant Secretary *the undersigned, of Argent Mortgage Company, LLC, 505 City Parkway West, Orange, CA 92868 on behalf of said corporation do hereby constitute and appoint, Steven A. Ablitt, Esq., and/or John O'Hara of ABLITT & CARUOLO, P.C., its attorney in fact for the limited and specified purposes of making entry upon the premises located at 59 Amor Road, Milton, MA 02186 on which Argent Mortgage Company, LLC holds a mortgage, for the purposes of foreclosing said mortgage for breach of condition thereof, and further to execute documents necessary and directly incidental to the foreclosure auction. I further ratify any and all previous actions taken by Steven A. Ablitt, Esq., and/or John O'Hara pursuant to said purposes.

WITNESS the execution and the corporate seal of said corporation this 27th day of October 2004.

Argent Mortgage Company, LLC By Ameriquest Mortgage Company as its Servicing Agent

By: __[signature] Rose C. Lara__, Assistant Secretary

BK 21767 11-15-2004 @ 03:01P

The State of California

October 27, 2004

County of Orange, ss.

Then personally appeared the above-named __ROSE C. LARA__, Vice President of Argent Mortgage Company, LLC, acknowledged the foregoing instrument to be the free act and deed of Ameriquest Mortgage Company, LLC, before me,

__[signature]__
Notary Public

My Commission expires: 12/23/07

R. P. UMALI
Commission # 1453282
Notary Public - California
Los Angeles County
My Comm. Expires Dec 23, 2007

Return to:
ADAMS & SAMMON
Counsellors at Law
295 Devonshire Street
Boston, MA 02110

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
[signature]
WILLIAM P. O'DONNELL, REGISTER

BK 21576 PG 11
11-15-2004 @ 03:01p

## CERTIFICATE OF ENTRY

We hereby certify that on the 21st day of October in the year 2004, we were present and saw

**John O'Hara, attorney-in-fact and agent for Argent Mortgage Company, LLC** (see Power of Attorney to be recorded herewith.)

the mortgagee named in a certain mortgage given by **Marie Crichlow**

to Argent Mortgage Company, LLC

dated January 6, 2004, and recorded with the **Norfolk County** Registry of Deeds at Book 20428, Page 265, make an open, peaceable and unopposed entry on the premises 59 Amor Road, Milton, Massachusetts, described in said mortgage, for the purpose, by him/her declared, of foreclosing said mortgage for breach of conditions thereof.

_Sandra P. DaSilva_
_Sandra P. Patla_ _____ , Witness

_Chirag Desai_ _____ , Witness

### THE COMMONWEALTH OF MASSACHUSETTS

October 21, 20

Middlesex, ss.

Then personally appeared the above named _Sandra DaSilva_

and _Chirag Desai_

and made oath that the above certificate by them subscribed is true, before me

_____ , Notary Public

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
_William P. O'Donnell_
WILLIAM P. O'DONNELL, REGISTER

My Commission expires:

MARC A. CELLUCCI
Notary Public
Commonwealth of Massachusetts
My Commission Expires
August 7, 2009

Return to:   ADAMS & SAMMON
Counsellors at Law
295 Devonshire Street
Boston, MA 02110

Bk 21769 P422 #188395
11-15-2004 a 03:01p

## MASSACHUSETTS FORECLOSURE DEED BY CORPORATION

Argent Mortgage Company, LLC a corporation duly established under the laws of the United States and having its usual place of business at 505 City Parkway West, Orange, CA 92868, current holder of a mortgage

from Marie Crichlow

to Argent Mortgage Company, LLC

dated January 6, 2004 and recorded with the Norfolk County Registry of Deeds at Book 20428, Page 265, by the power conferred by said mortgage and

every other power, for Four Hundred Eighty-Nine Thousand Dollars and Zero Cents ($489,000.00)

*Antonio DaSilva*

paid, grants to Sandra DaSilva, ~~Anotnio DaSilva~~ and Patrick Smith of 25 Grantley Street #8-D, Hyde Park, MA 02136, the premises conveyed by said mortgage subject to all outstanding tax titles, municipal, or other public taxes, assessments or liens, if any. The transfer of the within named real estate does not constitute all or substantially all of the assets of the grantor in Massachusetts.

Property Address: 59 Amor Road, Milton, MA 02186

WITNESS the execution and the corporate seal of said corporation this 27th day of Oct., 2004.

Argent Mortgage Company, LLC By Ameriquest Mortgage Company as its Servicing Agent

By: _____
, Assistant Secretary

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
*William P O'Donnell*
WILLIAM R O'DONNELL, REGISTER

The State of California

County of Orange, ss.                October 27, 2004

Then personally appeared the above-named Rose Lara, Vice President of Argent Mortgage Company, LLC acknowledged the foregoing instrument to be the free act and deed of Argent Mortgage Company, LLC, before me,

_____, Notary Public

My Commission expires: 12/23/07

R. P. UMALI
Commission # 1453282
Notary Public - California
Los Angeles County
My Comm. Expires Dec 23, 2007

CANCELLED
NOV 15 2004

CHAPTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF

11/15/04  3:13PM   01
000000 #1067

Every deed presented for record shall contain or have endorsed upon it the full name, residen grantee and a recital of the amount of the full consideration thereof in dollars or the nature of the ot delivered for a specific monetary sum. The full consideration shall mean the total price for the conveyanc or encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals deed. Failure to comply with this section shall not affect the validity of any deed. No register of deeds unless it is in compliance with the requirements of this section.

FEE    $2229.84
CASH   $2229.84

*Return to:*    ADAMS & SAMMON
                Counsellors at Law
                295 Devonshire Street
                Boston, MA 02110

AFFIDAVIT  * By Ameriquest Mortgage Company as its servicing agents.

I, ROSE C. LARA, Assistant Secretary of Argent Mortgage Company, LLC,* make under oath and say that the principal and interest obligation mentioned in the mortgage referenced in the Foreclosure Deed recorded herewith were not paid or tendered or performed when due or prior to the sale, and that Argent Mortgage Company, LLC, caused to be published on September 23, 2004, September 30, 2004 and October 7, 2004 in the Milton Times, a newspaper published or by its title page purporting to be published in Milton and having a circulation in Milton, MA, a notice of which the following is a true copy, (See attached Exhibit A)

I also complied with Chapter 244, Section 14 of the Massachusetts General Laws, as amended, by mailing the required notices certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed, sold the mortgaged premises at public auction by Marc Cellucci, a duly licensed auctioneer, of Daniel J. Flynn & Co., Inc., to Sandra DaSilva for Four Hundred Eighty-Nine Thousand Dollars and Zero Cents ($489,000.00) bid by Sandra DaSilva, being the highest bid made therefor at said auction.

Bk 21769 P423 @183396
11-15-2004 & 03:01p

Argent Mortgage Company, LLC, By Ameriquest Mortgage Company as its servicing Agent.

By: _____
Assistant Secretary

The State of California

County of Orange, ss.                                October 27, 2004

Then personally appeared the above-named ROSE C. LARA, Vice President of Argent Mortgage Company, LLC, acknowledged the foregoing instrument to be the free act and deed of Argent Mortgage Company, LLC, before me,

_____
Notary Public

R. P. UMALI
Commission # 1453282
Notary Public - California
Los Angeles County
My Comm. Expires Dec 23, 2007

My Commission expires: 12/23/07

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY
William P O'Donnell
WILLIAM P. O'DONNELL, REGISTER

Return to:  ADAMS & SAMMON
Counsellors at Law
295 Devonshire Street
Boston, MA 02110

EXHIBIT "A"



Return to:    ADAMS & SAMMON
              Counsellors at Law
              295 Devonshire Street