UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BANKRUPTCY APPEAL
Civil Action No. 05-10653-MLW

|  |  |
|---|---|
| MARIE MAUD CRICHLOW,<br>　　　　Debtor/Appellent<br><br>v.<br><br>SANDRA DASILVA<br>　　　　Appellee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

APPELLEE'S OPPOSITION TO APPELLENT'S
MOTION FOR STAY PENDING APPEAL

Now comes, Sandra DaSilva, the Appellee in the above-mentioned matter in this matter and hereby opposes the Appellent's Motion for Stay Pending Appeal. Because the Debtor cannot satisfy each of the four factors outlined in In Re Miraj, 201 B.R. 23, 26 (Bankr.D.Mass. 1996), the Debtor's motion must be denied. The Debtor must demonstrate the presence of each of the four factors, at least in some degree, in order to prevail on a motion for stay pending an appeal. Id.

  I.  THE DEBTOR HAS FAILED TO ESTABLISH THAT SHE HAS A LIKELIHOOD OF SUCCESS ON THE MERITS OF THE APPEAL

The Debtor is not likely to prevail in her argument that the language "sold at a foreclosure sale" as used §1322 (c)(1) (which affords the Debtor cure rights in bankruptcy) should be interpreted more expansively than the same wording used in G.L. c. 244 §18 offering State redemption rights. The Debtor has no further rights to cure pursuant to 11 U.S.C §1322 (c)(1) because on October 21, 2004, the property was sold to DaSilva at a foreclosure sale conducted in accordance with Massachusetts' foreclosure law. In this case, an auction was held

1

October 21, 2004, and Ms. DaSilva was the prevailing bidder. The auctioneer and Ms. DaSilva signed the memorandum of sale on October 21, 2004 and Ms. DaSilva paid a deposit of $5,000.00. A foreclosure deed was executed in favor of Ms. DaSilva on October 27, 2004 and delivered to Ms. DaSilva on or about November 12, 2004. The Debtor filed her Chapter 13 petition on October 27, 2004. The foreclosure deed was recorded on November 15, 2004.

> A. Massachusetts state law determines when a property is sold for the purposes of interpreting §1322 (c)(1) and under Massachusetts law a property is sold at the foreclosure sale when the prevailing bidder and the mortgagee sign the memorandum of sale.

The United States Court of Appeals, in reviewing this issue, determined that Congress intended the States to have the final word in setting the outer limits of the right to redeem or cure a mortgage default, but that such right shall terminate no earlier than a foreclosure sale. Colon v. Option One Mortgage Corporation, 391 F.3d 912 (7th Cir. 2003). The Court in Colon held that 11 U.S.C. §1322 (c)(1) permitted the a Chapter 13 debtor to cure at least up until the date of the foreclosure sale, but the statute does not create a right to cure beyond a time period permitted by Massachusetts law. Id. at 918 and 920. Interpreting Illinois foreclosure law, the Court concluded that §1322(c)(1) did not confer upon a debtor an absolute right to cure up until the confirmation hearing of the sheriff's proceedings. Id. at 220. In Colon, the debtor's equitable and statutory cure rights were terminated well before the confirmation hearing of the sale, accordingly, the Court concluded that the Bankruptcy Code is most logically read in this context to permit cure to the extent that state law does. Id.

It is well settled law in Massachusetts, that when the mortgagee and the prevailing bidder sign the memorandum of sale at a foreclosure auction, the mortgagor's equity of redemption is terminated and she has no further right to redeem her interest in the property. In re Grassie, 293

B.R. 829, 831 (Bankr.D.Mass. 2003), In Re Dow, 250 B.R. 6, 8 (Bankr.D.Mass. 2000), Williams v. Resolution GGF, OY, 417 Mass. 377, 630 N.E. 2d 581 (1994), Outpost Café, Inc. v. Fairhaven Savings Bank, 3 Mass. App. Ct. 1, 322 N.E. 2d 183 (1975).  Crichlow argues that 11 U.S.C. §1322 (c)(1) should not be defined by the termination of her redemption rights under State law, but rather when a property is "sold" under State law.  The resolution of this argument is that the termination of redemption rights and the point of sale of a property under Massachusetts's foreclosure law are one in the same.

In Outpost Café, Inc., the Appeals Court specifically addressed the issue of when a property is "sold" at a foreclosure sale in interpreting G.L. c. 244 §18.  The mortgagor attempted to argue that it had the right to redeem the property up until the time that the foreclosure deed was delivered.  The Massachusetts Appeals Court rejected this argument and held that the mortgagor had the right to redeem up until such time the memorandum of sale was executed by the purchaser at the foreclosure sale.  Outpost Café, Inc., 3 Mass. App. Ct. at 7.  Because G.L. c 244 §18 entitles a mortgagor to redeem "unless the land has been sold pursuant to a power of sale . . .", the Court in Outpost Café, Inc. effectively had to determine when a foreclosure sale was complete under Massachusetts law.  Id. at 5-6.  The Appeals Court held the foreclosure sale for purposes of the state redemption law is complete as of the signing of the memorandum of sale at the auction.  Id.  The language of G.L.c. 244 §18 is similar, if not more ambiguous than the language of 11 U.S.C. §1322 (c)(1)[1], therefore, it cannot be concluded that Congress

---

[1] Compare G.L.c 244 §18 "The mortgagor . . .may, after breach of condition, redeem the land mortgaged, unless the mortgagee, . . .has obtained possession of the land for breach of condition and has continued that possession for three years, or unless the land has been sold pursuant to a power of sale contained in the mortgage deed."  to 11 U.S.C. §1322 (c)(1) (1) ". . . a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law."

intended to afford Crichlow any greater cure rights than she was entitled to under State law. Colon at 220.

The Debtor relies heavily upon cases construing a mortgagee's rights to recover under an insurance mortgage clause in case of harm to the property both before and after foreclosure auctions. The Debtor states in her motion that the insurances cases stand for the proposition that the Debtor must still be the owner of property until a deed is delivered, even though she no longer has rights of redemption. This evidences a fundamental misunderstanding of title and real property law in Massachusetts. The Debtor fails to recognize that a mortgagee holds vested legal title to the property subject to defeasance on the mortgagor's performance of the obligation secured by the mortgage. G.L. c. 183 §§ 12, 18, 19, 26; *see also* In Re Prichard Plaza Associates Ltd. P'ship, 84 B.R. 289, 295 (Bankr.D.Mass. 1988). The mortgagor retains the present right of possession and the equity of redemption. Maglione v. BancBoston Mortgage Corp., 29 Mass.App.Ct. 88, 91, 557 N.E.2d 756, 758 (1990). Therefore, when a property is sold at a foreclosure auction the Debtor's only remaining interest in the property is extinguished[2]. Dexter v. Aronson, 282 Mass. 124, 129, 184 N.E.2d 455, 457 (1933). Massachusetts Courts have determined directly when the equity of redemption is terminated pursuant to State law and it is not necessary that Massachusetts court speak squarely as to the issue when a property is "sold" at a foreclosure sale, because as of the date of the foreclosure sale the substantive rights of the parties are fixed and these substantive rights inform the application of §1322 (c)(1). McCarn v. WyHy Federal Credit Union, 218 B.R. 154, 161 (B.A.P. 10th Cir. 1998).

---

[2] The right of possession was extinguished as of the mortgagor's default under the mortgage. Dexter v. Aronson, 282 Mass. 124, 129, 184 N.E.2d 455, 457 (1933). The Debtor may also have a right for an accounting of rents and profits until such date as the deed is delivered. Beal v. Attleborough Savings Bank, 248 Mass. 342 (1924).

  B. §1322 (c)(1) does not create any greater rights in a Chapter 13 debtor/ mortgagor than those that are already afforded to a mortgagor in Massachusetts.

Uniformly Courts have held that a debtor's right to cure their mortgage default pursuant to 11 U.S.C. §1322 (c)(1) terminates at least when a property is sold at a foreclosure sale or at the time the debtor's rights of redemption are terminated under applicable State law. Colon v. Option One Mortgage, 319 F.3d 912, 920 (7th Cir. 2003) (under Illinois law debtor had no right to cure beyond redemption rights provided under State law), In Re Wescott, 309 B.R. 308, 312-314 (E.D. Wis 2004) (following Colon in holding that the right to cure a mortgage default in a Chapter 13 plan ends with the later of a foreclosure sale or the expiration of the debtor's right to redeem the property under state law), In Re Randall, 263 B.R. 200, 202-203 (D.N.J., 2001) (until the equity of redemption is extinguished under New Jersey law, a debtor still retains an interest in the property and can cure pursuant to §1322(c)(1)), McCarn v. WYHY Federal Credit Union, 218 B.R. 154 (B.A.P. 10th cir., 1998) (Chapter 13 debtor had right to cure mortgage default under §1322 (c)(1) up until the property was sold at a foreclosure sale and they retained their right to redeem the property for the three months subsequent to the foreclosure sale). In Massachusetts, a Chapter 13 debtor has a right of redemption in a mortgaged property up until the time a memorandum of sale is signed at a foreclosure sale and thereafter that right is terminated. In re Grassie, 293 B.R. 829, 831 (Bankr.D.Mass. 2003), In Re Dow, 250 B.R. 6, 8 (Bankr.D.Mass. 2000), Williams v. Resolution GGF, OY, 417 Mass. 377, 630 N.E. 2d 581 (1994), Outpost Café, Inc. v. Fairhaven Savings Bank, 3 Mass. App. Ct. 1, 322 N.E. 2d 183 (1975). Accordingly, because the property had been sold at a foreclosure sale <u>and</u> the Debtor's right to redeem had been terminated on October 21, 2004, the Debtor had no right to cure her mortgage default pursuant to §1322 (c)(1). Bunter v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d

5

136 (1979) (property interests are created and defined by State law and unless some Federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because a party is involved in a bankruptcy proceeding).

The Debtor has wholly failed to establish that she has a substantial case on appeal, therefore her motion to stay the Order pending appeal should be denied.

    II.    THE HARM TO MS. DASILVA IS GREATER IF THE STAY IS GRANTED THAN THE HARM TO THE DEBTOR IF THE STAY IS NOT GRANTED

Ms. DaSilva and her husband and father have been the owner of this property since October 2004 and she has paid the taxes, water, insurance and mortgage on the property since that date. Ms. DaSilva has received no benefit from her ownership of the property since she purchased the same. Ms. DaSilva and her husband intend to live in the property and to be near their extended family, but they have been unable to do so. Ms. DaSilva is being deprived of the use of real property and monetary compensation is not an adequate remedy for this deprivation. Greenfield Country Estates Tenants Association, Inc. v. Deep, 423 Mass. 81, 88, 666 N.E.2d 988, 993 (1996) (it is well settled law in the Commonwealth that real property is unique and that money damages will often be inadequate to redress a deprivation of an interest in land). Crichlow alleges that she is making payments to her attorney for mortgage payments that are presently not due, but these payments do not adequately protect Ms. DaSilva because she is presently paying bills for the property, but more importantly she is deprived of her full use and enjoyment of the same.

The Debtor concedes that the balance of harms appear to be equal in this case. *See Debtors Memorandum of Law in Support of Motion for Stay Pending Appeal, Page 8.* The Debtor has failed to meet her burden in this case that harm to her outweighs that to Ms. DaSilva if the stay is granted. In Re Miraj, 201 B.R. 23, 26 (Bankr.D.Mass. 1996). Because of the

unique nature of real property in Massachusetts, the harm to Ms. DaSilva is in fact greater than that to the Debtor whose rights to the property were extinguished at foreclosure.

    III.    PUBLIC INTEREST WOULD BE ADVERSELY AFFECTED BY THE ISSUANCE OF A STAY

As stated above, real property is unique and equitable remedies are fashioned to redress the deprivation of an interest in land. Greenfield Country Estates Tenant Association, Inc. *supra*. The equitable remedy of a stay pending an appeal should be not applied to further deprive Ms. DaSilva's property rights. Ms. DaSilva relied upon the integrity of the foreclosure process in determining that she held valid title to the property. The arguments advanced by the Debtor in this case inject uncertainty in the foreclosure process and inject uncertainty in the rights and obligations of mortgagors and mortgagees. Massachusetts has provided for certainty in their foreclosure sales by stating explicitly in their foreclosure law that the property is "sold" at auction and in the interpretation of the foreclosure procedure by the Massachusetts Courts, this Court should not upset the integrity of the process. BFP v. Resolution Trust Corp., 511 U.S. 531, 114 S.Ct. 1757, 128 L.E.2d 556 (1994) *as cited by* In Re BoBo, 246 B.R. at 458. Granting the Debtor a stay in this case would erode the integrity of foreclosure sales and the longstanding reliance doctrine that owners should not be involuntarily deprived of the use of their real property.

WHEREFORE, Sandra DaSilva requests this Court:

1. Deny the Debtor's Motion for Stay Pending Appeal; and

2. Grant such other relief as it deems just and necessary.

                      Respectfully submitted,
                      THE APPELLEE
                      SANDRA DASILVA,
                      By her attorney,

May 17, 2005            s/ *Leslie C. Sammon*
                      Leslie C. Sammon
                      ADAMS & SAMMON
                      BBO# 633923
                      295 Devonshire Street
                      Boston, MA  02110
                      (617) 451-7241

**CERTIFICATE OF SERVICE**

I, Leslie C. Sammon, Esquire, do hereby certify that I have served a copy of the foregoing of memorandum of law this 17th day of May 2005 by first class mail, postage prepaid, upon the parties listed below and that the party below was served by the CM/ECF system

                      s/ *Leslie C. Sammon*
                      Leslie C. Sammon

David G. Baker
Attorney for the Debtor
Baker Law Offices
105 Union Wharf
Boston, MA 02109-1281