UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARIE MAUD CRICHLOW, | ) | |
| Appellent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA DASILVA, | ) | |
| Appellee | ) | C.A. No. 05-10653 |
| | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    May 24, 2005

I.    BACKGROUND

Appellee Sandra DaSilva was the prevailing bidder at a foreclosure auction held on October 21, 2004 for the premises known as 59 Amor Road, Dorchester, Massachusetts. Appellent Marie Maud Crichlow is the mortgagor whose property was foreclosed upon. At the foreclosure auction, DaSilva signed a memorandum of sale for 59 Amor Road, and paid a $5,000 deposit. A deed was not recorded for the sale, however, until November 17, 2004.

After DaSilva executed the memorandum of sale, but before the deed was recorded, Crichlow filed a petition for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code. In connection with this petition, Crichlow submitted a Chapter 13 Plan that included payment of the default on her mortgage.

In the Bankruptcy Court, DaSilva moved for relief from the automatic stay. In essence, she claimed that because the foreclosure auction was complete and the memorandum of sale was

signed before the bankruptcy petition was filed, Chrichlow no longer owned the property and, therefore, that DaSilva had the right to evict her. In opposition, Crichlow asserted that she was entitled to cure the mortgage default pursuant to 11 U.S.C. §1332(c)(1). On February 16, 2005, the Bankruptcy Court allowed DaSilva's motion for relief from the stay.

Crichlow has appealed the Bankruptcy Court's order. After moving unsuccessfully for the Bankruptcy Court to stay its order pending appeal, she filed the instant Motion for Stay Pending Appeal on May 16, 2005. For the reasons explained below, this motion is being denied.

II. ANALYSIS

In determining whether to grant a stay pending appeal, the court considers: (1) the likelihood of success on the merits of the appeal; (2) whether the moving party will suffer any irreparable harm if a stay is not granted; (3) whether the harm to the moving party in the absence of a stay is greater than the injury to the opposing party if the stay is granted; and (4) whether the public interest would be adversely affected by the issuance of the stay. See In re Miraj and Sons, Inc., 201 B.R. 23, 26 (Bkrpcy. D. Mass. 1996); see also Hilton v. Braunskill, 481 U.S. 770, 774 (1987); Canterbury Liquors & Pantry v. Sullivan, 999 F.Supp. 144, 150 (D. Mass. 1998).

Crichlow has failed to establish that she has a likelihood of

success on the merits of the appeal. The Bankruptcy Code provides that a "default with respect to . . . a lien on the debtor's principal residence may be cured . . . until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." See 11 U.S.C. §1322(c)(1). Crichlow argues that a sale is not complete until a deed is delivered and, therefore, that 59 Amor Road had not been sold to DaSilva at the time Crichlow filed her petition. This argument is not likely to succeed on appeal.

Section 1322(c)(1) allows a debtor to cure a home mortgage default until at least a foreclosure sale occurs. Colon v. Option One Mortgage Corporation, 319 F.3d 912, 918 (7th Cir. 2003). If, however, state law provides a debtor "more extensive 'cure' rights (through, for example, some later redemption period), the debtor would continue to enjoy such rights in bankruptcy." Id. Therefore, §1322 only authorizes a debtor to cure a mortgage default after a foreclosure sale if Massachusetts law provides for such a right through, for example, the creation of a later redemption period. Id.

Under Massachusetts law, a debtor has a right to redeem a mortgaged property only until the signing of a memorandum of sale at a foreclosure auction. See In re Grassie, 293 B.R. 829, 831 (Bankr. D. Mass. 2003); In re Dow, 250 B.R. 6, 8 (Bankr. D. Mass. 2000); Outpost Café, Inc. v. Fairhaven Savings Bank, 3 Mass. App.

3

Ct. 1 (Mass. App. Ct. 1975) (noting that "foreclosure is complete at the time of the auction sale"). Crichlow argues that these cases only apply to the right to redemption and, therefore, do not control the definition of a sale under §1322(c)(1). The Massachusetts redemption statute, however, provides that the redemption right terminates when an auction sale is complete. Accordingly, these cases appear to be authority for the proposition that Massachusetts law does not provide a debtor with any "cure" rights after a memorandum of sale has been signed. Therefore, Crichlow is not likely to prevail on her appeal.

With regard to the second factor, if a stay is denied, Crichlow will likely be evicted from her current residence. While this constitutes irreparable harm to her, the denial of a stay would cause comparable harm to DeSilva. If a stay is granted, DeSilva would continue to be deprived of the use and enjoyment of property to which she is likely entitled. See Greenfield Country Estates Tenants Ass'n, Inc. v. Deep, 423 Mass. 81, 88 (1996) (noting that real property is unique and that money damages are inadequate to redress a deprivation of an interest in land). Accordingly, the balance of harms does not significantly favor either party.

Essentially, the law requires debtors to redeem their property before it is sold and other individuals develop a legitimate interest in it. It is in the public interest that this policy be

4

enforced. A stay would injure this public interest.

In view of the foregoing, a stay is not warranted. <u>In re</u> <u>Miraj</u>, 20 B.R. at 26.

III. ORDER

Accordingly, it is hereby ORDERED that:

1.    Crichlow's Motion for Stay Pending Appeal (Docket No. 8) is DENIED.

2. Crichlow Motion for Certification to the Supreme Judicial Court of Massachusetts (Docket No. 3) is DENIED WITHOUT PREJUDICE.

3. Crichlow's Motion to Continue the Briefing Schedule (Docket No. 5) is DENIED WITHOUT PREJUDICE.

4. The parties shall confer and, by June 3, 2005, report whether this case has been resolved by agreement and, if not, propose a briefing schedule.


　　　　　　<u>    /s/ Mark L. Wolf        </u>
　　　　　　UNITED STATES DISTRICT JUDGE